IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

NATHANIEL L. FITZGERALD
ADC #84210                                                                                               PLAINTIFF

v.                              Case No. 1:10-cv-39-DPM

RAY HOBBS, HURST, PAGE, BAGWELL,
CANTRELL, DARLAND, JONATHAN NOELL,
NANCE, JEFFREY WELCHER, JEFFREY C. RIZOR        DEFENDANTS

ORDER

The Court has considered Magistrate Judge Jerome T. Kearney's Proposed Findings and Recommended Disposition—to which Nathaniel Fitzgerald objected, *Document No. 28*. After conducting a *de novo* review, the Court adopts Magistrate Judge Kearney's proposed findings and recommended disposition, *Document No. 22*, with some clarifications given the number of issues that Fitzgerald's complaint raised. FED. R. CIV. P. 72(b)(3).

The Court agrees that Fitzgerald has, for screening purposes, stated individual-capacity claims for money damages against Defendants Deputy Warden Page and Dr. Nance for being deliberately indifferent to Fitzgerald's

medical needs. 28 U.S.C.A. § 1915A(b)(1). Injunctive relief on the individual-capacity claims under the Eighth Amendment is potentially available. The Court agrees with Magistrate Judge Kearney that Fitzgerald's claims for money damages against Page and Nance — in their official capacities — fail as a matter of law and are therefore dismissed with prejudice. Fitzgerald may, however, seek injunctive relief on his deliberate-indifference claim against Page and Nance in their official capacities.

Fitzgerald is not entitled to injunctive relief against Page or Nance based on any official or individual-capacity claims related to Fitzgerald's punitive confinement. The Court dismissed those allegations without prejudice in its prior order, *Document No. 20, at 9–11*, because Fitzgerald did not first seek relief through habeas. *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (a *Heck*-based dismissal is without prejudice). Thus, to the extent Fitzgerald sought injunctive relief based on the grievance-related retaliation, the Court agrees that its prior dismissal of the retaliation claim ended any related claim for injunctive relief.

As to Defendants Hobbs, Hurst, Bagwell, Cantrell, Darland, Noell, Welcher, and Rizor, Fitzgerald's complaint and addenda are not clear, but to

the extent he alleges that any one of these Defendants was involved in the grievance-related retaliation claim that the Court previously decided on 20 September 2010, then they are dismissed with prejudice. Otherwise, they are dismissed without prejudice. 28 U.S.C.A. § 1915A(b)(1).

    So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

22 November 2010